IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Plaintiff,

v.                                                    CASE NO. 1:22-cv-2-AW-GRJ

JODY CAIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion to Dismiss, ECF No. 37, the Fourth Amended Complaint, ECF No. 26, in this "malicious prosecution" action brought pursuant to 42 U.S.C. § 1983. *Pro se* in forma pauperis prisoner Plaintiff has responded, ECF No. 51, so the motion is ripe for resolution.

In the motion, Defendants contend that this case must be dismissed for two reasons. First, Defendants say this Court must abstain from interfering in Plaintiff's pending state criminal case as required by *Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 37. Second, Defendants contend that Plaintiff has no malicious prosecution claims against them because

Plaintiff's state case has not terminated in Plaintiff's favor.[1]  *Id*.  Upon due consideration, the undersigned agrees that the Court must abstain under *Younger* and, therefore, respectfully **RECOMMENDS** that Defendant's Motion to Dismiss should be **GRANTED** and this case should be **DISMISSED without prejudice**.

## BACKGROUND FACTS

Plaintiff, James Lee Ballard ("Ballard"), is a pretrial detainee currently confined at the Alachua County jail.  ECF No. 26 at 1.  He is presently awaiting trial on child sexual abuse charges.  ECF No. 37-1.  In the operative complaint, Ballard attempts to sue assistant state attorney Brian C. Rogers, public defender Matthew Landsman, and two Alachua County Sheriff's deputies—Jody Cail and Gregory Guzman—for alleged constitutional deprivations.  ECF No. 26 at 2-4.

Ballard's allegations are as follows:  At some point prior to Ballard's arrest, Detective Gregory Guzman ("Guzman") "willfully and knowingly delete[d]/omit[ted]/and tamper[ed] with viable evidence with intent to report false information… that led to false charges… and false arrest."  ECF No. 26 at 6.  In support of this allegation, Ballard says that Guzman's initial

---

[1] The Court need not reach this question because it must abstain under *Younger*.

police report setting forth the accusations against him indicated that the accusations were likely fabricated. ECF No. 26 at 6. Later, Guzman's supplemented his report, omitting that finding. *Id*. Further, Ballard says that Guzman "erased his camera footage of the incident." *Id*.

As for the allegations against Detective Jody Cail ("Cail"), Ballard says that Cail "willfully and knowingly file[d] an incomplete[] investigation where he purposefully … left out key witnesses, [and] ignored major evidence[] proving… plaintiff was innocent." This alleged misconduct also led to Ballard's false arrest, which Ballard says lacked probable cause. *Id*. at 6-7.

Next, Ballard complains that state assistant attorney, Brian C. Rodgers ("Rodgers"), failed to conduct a proper investigation into Ballard's criminal case. *Id*. Rodgers, too, initially concluded that the accusations against Ballard were "made up". *Id*. at 8. Notwithstanding this conclusion, Rodgers filed criminal charges against Ballard. *Id*. at 9. Rodgers also "intentionally withheld" "exculpatory evidence" that would have established that the accusations against Ballard were false, *i.e.*, *Brady* violation. *Id*.

As for public defender, Matthew Landsman ("Landsman"), Ballard says that he "deliberately withheld exonerating evidence that was vital to [Ballard's] defense." ECF No. 26 at 10. Ballard also alleges that both

Rodgers and Landsman conspired together to deprive Ballard of his due process rights by withholding exculpatory evidence and by delaying his case, which Ballard further maintains is a violation of the Speedy Trial Act.[2] ECF No. 26 at 10.

For relief, Ballard seeks $40 million in compensatory and punitive damages against Defendants in their individual capacities. *Id*. at 11.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam); *Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lopez v. First Union Nat'l Bank,* 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson,* 355

---

[2] The Speedy Trial Act does not apply to Ballard because he faces no federal charges. *See Torres v. Villanueva*, Case No. 2:21-cv-5546-RGK-JDE, 2021 WL 3725586, * 5 (C.D. Cal. Aug. 23, 2021) (Speedy Trial Act was of no assistance to pretrial detainee who was not facing federal charges; *Younger* abstention was appropriate to the extent pretrial detainee challenged his underlying state criminal proceedings).

U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (other citation omitted).

In ruling on a motion to dismiss, the court limits its considerations to the pleadings and exhibits attached thereto. *GSW, Inc. v. Long Cty., Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). Also, when considering a Rule 12(b)(6) motion to dismiss, the court may take judicial notice of the public record without converting the motion to dismiss to a motion for summary judgment. *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353 (S.D. Fla. 2016). Federal Rule of Evidence 201(b) provides that a judicially noticed fact is one "that is not subject to reasonable dispute because it... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Further, when considering the applicability of *Younger v. Harris*, 401 U.S. 37 (1971), the court will take judicial notice of the outcome of state criminal proceedings. *Redner v. Citrus Cty. Fla*., 919 F.2d 646, 651 n.14 (11th Cir. 1990); *see also Hammond v. Anderson,* No. 8:10-CV-1557-T-30EAJ, 2010 WL 2836716, at *2 n.1 (M.D. Fla. Jul. 19, 2010) (court takes judicial notice of state court clerk's internet website to determine that state court proceedings are currently pending in considering the applicability of *Younger* abstention); *York v. Hoskins,* No. 8:08-cv-106-T-24TGW, 2008

WL 784999, at *2 (M.D. Fla. Mar. 20, 2008) (in finding that *Younger* abstention applied, court took judicial notice of state court clerk's online docket which showed pending state criminal proceeding). Judicial notice is appropriate in such circumstances because public documents are capable of accurate and ready determination. *See* Fed. R. Evid. 803(8) (public records exception to hearsay rule). Thus, the Court may take judicial notice of documents filed in other judicial proceedings, without converting a motion to dismiss to a motion for summary judgment, for the limited purpose of recognizing the subject matter of the litigation and/or issues decided. *Young v. City of Augusta, Ga.,* 59 F.3d 1160, 1166 n.11 (11th Cir. 1995); *In re Delta Resources, Inc.,* 54 F.3d 722, 725 (11th Cir. 1995); *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994).

Here, the Court takes judicial notice of the Alachua County's online progress docket (https://www.alachuacounty.us) which shows that there is a pending Criminal State Court proceeding concerning Ballard's 2018 arrest. See *State of Florida v. Ballard,* Case No. 2018-CF-001513-A (8th Jud. Cir. Alachua County).

## DISCUSSION

In his state criminal case, Ballard is represented by counsel, and the case is currently set on the state court's August 2022 trial docket. Because Ballard's state criminal case is pending, his claims are subject to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n.7 (11th Cir. 2004) (citation omitted).

The exceptions to *Younger* are very narrow and apply only if there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6. "The exceptional situations meeting the requirements of the *Younger* exceptions are rare." *The News-Journal Corp. v. Foxman* 939 F.2d 1499, 1507 n.8 (11th Cir. 1991). To that end, *Younger* abstention is appropriate when the

federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceedings. *Younger*, 401 U.S. at 49, 91 S.Ct. at 753.[3]

In the present case, *Younger* principles apply to Ballard's claims arising from alleged constitutional violations.  That is because Ballard's federal claims—malicious prosecution—go to the heart of the State of Florida's criminal case against him.  A federal court decision on the merits of the claims asserted here would deprive the state of an important interest—enforcement of its criminal laws and ensuring that its system of justice is constitutionally administered.  Additionally, Ballard's state court proceedings were ongoing when he filed his federal action, and they are ongoing even today. Consequently, this Court should not interfere with

---

[3] As in *Younger* itself, the doctrine usually applies in cases involving criminal prosecution or the criminal justice system. *See, e.g., Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 608-09, 46 L.Ed.2d 561 (1976) (reversing lower court's decision to "[inject] itself by injunctive decree into the internal disciplinary affairs" of municipal and police agencies); *O'Shea v. Littleton,* 414 U.S. 488, 500, 94 S.Ct. 669, 678, 38 L.Ed.2d 674 (1974) (rejecting challenge to state criminal justice system "aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials"); *Luckey v. Miller,* 976 F.2d 673, 677 (11th Cir.1992) (abstaining from attempt to "restrain every indigent prosecution and contest every indigent conviction until the systemic improvements [plaintiffs] seek are in place").

those proceedings. Furthermore, the state itself has an interest in ensuring that its citizens are not arrested without probable cause then maliciously prosecuted, as Ballard alleges happened to him. Finally, judicial economy and the avoidance of duplicative litigation are important state and federal interests alike. The state also has an interest in judicial economy and consistency of verdicts. *See Lisa v. Mayorga*, 232 F. Supp. 2d 1325, 1326-27 (S.D. Fla. 2002) (finding grounds for abstention based on judicial economy and elimination of duplicative litigation), aff'd, 90 F. App'x 381 (11th Cir. Fla. 2003).

The Court has also examined the exceptions to the *Younger* rule and finds none of them present in this case. First, Ballard has not identified any evidence that his state criminal proceedings are motivated by bad faith. Ballard's bare assertions that they so motivated are not sufficient. The bad faith exception is a narrow one, which principally applies to cases of "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction[.]" *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L.Ed.2d 701 (1971); *Bristol-Meyers Squibb Co. v. Connors*, 979 F.3d 732, 738 (9th Cir. 2020) (bad faith exception is "a narrow exception, principally applying to cases of proven harassment by state officials in bad faith") (quoting *Ledesma*, 401 U.S. at

85, 91 S.Ct. at 677)); *McNatt v. Texas*, Case No. 93-2925, 1994 WL 558769, at *1 (5th Cir. Sept. 19, 1994) (per curiam) ("The bad faith exception to *Younger* is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining convictions") (*citing Ledesema*) (other citation omitted).

To establish bad faith, a plaintiff must show that a defendant has no "reasonable expectation" of prevailing in the state proceedings. *Kugler v. Helfant*, 421 U.S. 117, 126 n.6, 95 S.Ct. 1524, 1531, 44 L.Ed.2d 15 (1975). *Hughes*, 377 F.3d at 1258 n.7 (explaining bad faith exception under *Kugler*). A bald assertion of ill will or a retaliatory motive is insufficient. *Phelps v. Hamilton*, 59 F.3d 1058, 1067 (10th Cir. 1995) (citation omitted). "Mere conclusory allegations ... are insufficient to overcome *Younger*—a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000) (citation omitted).

In response to Defendants' Motion to Dismiss, Ballard states that he has evidence that his state proceedings are motivated by bad faith, yet he points to nothing that would establish that as a fact. ECF No. 51 at 3. Rather, Ballard says generally that he "has evidence[] and witness testimony upon his production of documentations, medias and

interrogatories to provide undebatable proof to this Honorable Court upon his opportunity to proceed accordingly." *Id*. at 3-4.  Those conclusory statements are insufficient.  Notably, Ballard does not say who his witnesses are or what they would testify to, nor does Ballard disclose what the unspecified documents and media would show or prove.  His cocnclusory statements that he has proof of bad faith do not establish that the state has no chance of prevailing at trial. Moreover, Ballard provides no proof of any harassment by state officials in bad faith.  As stated above, mere statements of ill will or retaliatory motive alone are not sufficient to overcome *Younger* under the bad faith exception.

    Ballard next argues that the issues raised in this lawsuit cannot be resolved in his pending state court proceedings because "[t]he state court has diminished its opportunity to confront and resolve initially the constitutional issues arising within their jurisdiction and refuse[s]… to do so."  ECF No. 51 at 4.  Further, Ballard argues that "the current state[']s criminal processes are not in the normal functioning… [and that he] has not been afforded the opportunity to provide the court his viable insurmountable substantiated evidences and witnesses to show the court the extent to which he can prove the claims made within his complaint."  *Id*. at 4-5.  These general statements do no establish that the state proceeding

will not provide Ballard with a full and fair opportunity to litigate his constitutional claims. *See Gibson v. Berryhill*, 411 U.S. 564 (1973).

The "no full and fair opportunity" exception to the *Younger* doctrine reflects the premise "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity to vindication of federal constitutional rights." *Kugler*, 421 U.S. at 124, 95 S.Ct. at 1531. In *Moore v. Sims,* the Supreme Court stated that "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims." 442 U.S. 415, 425-26, 99 S.Ct. 2371, 2378-79, 60 L.Ed.2d 994 (1979). The Court has also made clear that the burden is upon the federal court plaintiff to demonstrate an inability to litigate the federal claim in the state court proceedings. *Pennzoil Co. v. Texaco,* 481 U.S. 1, 17, 107 S.Ct. 1519, 1529, 95 L.Ed.2d 1 (1987). Federal courts should not "assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims.... [W]hen a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." 481 U.S at 14-15, 107 S.Ct. at 1528.

In this case, Ballard has not met his burden of showing that he is

unable to litigate his constitutional claims in his state court proceedings. In fact, he offers no factual or legal basis for his assertion that he lacks an adequate opportunity to raise his federal claims in the ongoing criminal proceedings. *See Lawrence v. Carlin*, 541 F. Supp. 2d 189, 194 (D.D.C. 2008). Ballard's conclusory statements that the state court system is not functioning properly does not establish anything of the sort. And, if what Ballard says is true about the host of witnesses and documentary evidence available to prove his constitutional claims, the state court is equipped to handle them. It is well established that "state courts are… fully competent to decide federal constitutional issues." *Johnson v. Florida*, 32 F.4th 1092, 1101 (11th Cir. 2022) (quoting *Swain v. Pressley*, 430 U.S. 372, 383, 97 S.Ct. 1224, 1231, 51 L.Ed.2d 411 (1977)).

Consequently, because the Florida state courts are presumed to be competent to hear and resolve Ballard's constitutional claims, and because Ballard has not met his burden of showing that he is unable to litigate such claims in that forum, Ballard does not satisfy *Younger*'s third exception.

Finally, Ballard has not demonstrated any immediate, irreparable injury to avoid *Younger*. "[I]n the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene… in a pending state criminal prosecution." *Kugler*,

421 U.S. at 123, 95 S.Ct. at 1530 (internal quotation marks omitted). Such circumstances must be "extraordinary in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely the sense of presenting a highly unusual factual situation." *Id*. at 125, 95 S.Ct. at 1531. Irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *Id.* at 123-25, 95 S.Ct. at 1530-31. Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger,* 401 U.S. at 53-54 (*citing Watson v. Buck,* 313 U.S. 387, 402, 61 S.Ct. 962, 967, 85 L.Ed. 1416 (1941)).

The Eleventh Circuit has emphasized the narrowness of the irreparable injury exception to the *Younger* doctrine. *See, e.g., Butler v. Ala. Inquiry Comm'n,* 245 F.3d 1257, 1265 (11th Cir. 2001) (finding that challenged state law judicial canon did not patently or fragrantly violate the Constitution "in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it") (citation omitted); *Kolski v. Watson,* 544 F.2d 762, 766 (5th Cir. 1977)

(finding challenged state statute was not "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it") (citations omitted).

In this case, Ballard does not cite to any state statute under which he faces criminal prosecution.  Nor does he allege that any such statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."  As a result, Ballard failed to show immediate and irreparable harm so as to avoid *Younger*.

 In sum, Ballard's attempt to challenge his pending state court charges in this Court is not appropriate.  The state court is the proper forum for litigating those claims.  And, because none of the *Younger* exceptions applies to this case, abstention by this Court is required.

## CONCLUSION

In light of the above, it is respectfully **RECOMMENDED** that Defendants' Motion to Dismiss, ECF No. 37, should be **GRANTED** and this case should be **DISMISSED without prejudice** on *Younger* abstention grounds.

**IN CHAMBERS** in Gainesville, Florida this 5th day of July 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.