IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JAMES LEE BALLARD,**

    **Plaintiff,**

v.                                                                                          Case No. 1:22-cv-2-AW-HTC

**JODY CAIL, et al.,**

    **Defendants.**

_____/

**ORDER STAYING CASE**

Plaintiff James Lee Ballard is a state pretrial detainee. He sued Detectives Jody Cail and Gregory Guzman, contending they violated his constitutional rights during his ongoing prosecution.[1] Defendants Cail and Guzman moved to dismiss, arguing that this court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). The magistrate judge issued a report and recommendation (ECF No. 55) concluding *Younger* applies and recommending dismissal.

I have considered the magistrate judge's report and recommendation. I have also considered Ballard's objections (ECF Nos. 59, 62, 67, 69) de novo. I conclude

---

[1] The operative complaint is the Fourth Amended Complaint. ECF No. 26. Ballard includes other defendants, too, and he has also filed many other cases in this court all related—in one way or another—to his pending state-court charges. *See, e.g.*, *Ballard v. Silverman* (1:22cv96); *Ballard v. Abeles* (1:22cv98); *Ballard v. Watson* (1:22cv103); *Ballard v. Broling* (1:22cv104); *Ballard v. Florida* (1:22cv106); *Ballard v. Watson* (1:22cv128); *Ballard v. Jones* (1:22cv246); *Ballard v. Florida Bar* (4:22cv183); *Ballard v. Florida* (4:22cv264); *Ballard v. Florida Judicial Qualifications* (4:22cv266); *Ballard v. Florida* (4:22cv267).

the report and recommendation should be adopted and incorporated into this order in part.

The Eleventh Circuit has held *Younger* abstention extends to damages actions such as Ballard's. *See Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985); *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 491 (11th Cir. 2015). I agree with the magistrate judge that abstention is proper until Ballard's ongoing state proceedings end.

But although *Younger* applies,[2] this court lacks discretion to dismiss because Ballard seeks only damages—a remedy unavailable in the ongoing state proceeding. *See Deakins v. Monaghan*, 484 U.S. 193, 202 (1988); *Watson*, 618 F. App'x at 491 (citing *Deakins*); *Tribble v. Tew*, 653 F. App'x 666, 667 (11th Cir. 2016) (same). Instead, I will order a stay until Ballard's state-criminal proceedings end. *See Tribble*, 653 F. App'x at 667 (holding district court should have stayed case in light of *Deakins*).

It is now ORDERED:

1.    The report and recommendation (ECF No. 55) is approved in part. Except to the extent it recommends dismissal rather than a stay, it is incorporated into this order.

---

[2] Because the magistrate judge was correct on this issue, I also do not decide whether Ballard states a malicious prosecution claim.

2. Defendants' motion to dismiss (ECF No. 37) is DENIED to the extent it requests dismissal under *Younger*. Its request to dismiss for failure to state a malicious prosecution claim is DEFERRED.

3. Ballard's objections (ECF Nos. 59, 62, 67, 69) are OVERRULED. (ECF No. 69 was styled a motion to reverse the report and recommendation. I treat it as an objection. The clerk will terminate ECF No. 69.)

4. The case is STAYED.

5. Within 10 days after his state proceedings end, Ballard must file a notice with this court.

SO ORDERED on November 16, 2022.

s/ *Allen Winsor*<br>United States District Judge