UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Plaintiff,

v.                                                      Case No. 1:22cv2-AW-HTC

DEPUTY JODY CAIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The Court previously stayed this § 1983 action under *Younger v. Harris*, 401 U.S. 73 (1971), pending the termination of Plaintiff's state-court criminal proceedings. ECF Doc. 93. The Alachua County Clerk's website indicates that on August 22, 2023, Plaintiff pleaded nolo contendere to one count of attempted lewd or lascivious conduct on a person under 16 years of age, with adjudication withheld. *See Florida v. Ballard*, Alachua County Circuit Court Case No. 2018 CF 001513. Based on Plaintiff's plea, the undersigned concludes Plaintiff cannot pursue a malicious prosecution claim against the Defendants. In addition, Defendant Rodgers is protected by prosecutorial immunity and Defendant Landsman, as a public defender, does not act under color of state law. Thus, the undersigned *sua sponte* recommends this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     Background

At the time Plaintiff filed this case, he was a pretrial detainee in Alachua County facing charges related to the sexual abuse of a minor.  Plaintiff sued four Defendants: Jody Cail and Gregory Guzman, detectives with the Alachua County Sheriff's Office; prosecutor Brian Rodgers; and public defender Matthew Landsman.  ECF Doc. 26 at 1-4.  The fourth amended complaint sets forth the following factual allegations, which are accepted as true for purposes of this Report and Recommendation.

Before Plaintiff's arrest, Detective Guzman wrote an offense report indicating the accusations against Plaintiff were "probably made up."  However, after Plaintiff's accuser filed a formal complaint against Guzman, he supplemented his report, omitting the reference to the accusations being "made up," and "erased his camera footage of the incident."  In addition, Detective Cail submitted "falsified information" to the State Attorney's Office based on an incomplete investigation which "left out key witnesses" and "ignored major evidence[] proving … Plaintiff was innocent."  The actions of Guzman and Cail led to Plaintiff's arrest.

Defendant Rodgers, an Assistant State Attorney, did not conduct a proper investigation into the allegations against Plaintiff.  Rodgers told Plaintiff's attorney at the time the allegations appeared to be "made up" and he would obtain additional

evidence before deciding whether to proceed with criminal charges. Nevertheless, Rodgers ignored "exculpatory evidence" and filed criminal charges in January 2019.

Defendant Landsman, Plaintiff's public defender, "deliberately withheld and omitted exonerating information" vital to Plaintiff's defense and "purposefully delayed the case over 36 months."[1]

Based on the foregoing, Plaintiff alleges: (1) all four Defendants violated his due process rights; (2) all four Defendants ignored exculpatory evidence and falsified information to maliciously prosecute Plaintiff; and (3) Defendants Rodgers and Landsman violated his right to a speedy trial. As relief, Plaintiff seeks damages.

## II.     Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Plaintiff's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory

---

[1] Plaintiff's allegations regarding the Defendants' actions are largely conclusory. For example, he does not describe the camera footage Guzman allegedly deleted, nor does he identify the "key witnesses" and "exculpatory evidence" which were ignored.

allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In addition, the Court recognizes the four Defendants have been served with the fourth amended complaint.[2] *See* ECF Docs. 32, 33, 34. However, the Court need not wait for Defendants to move to dismiss or otherwise respond to the complaint, as the *in forma pauperis* statute requires the Court to dismiss a case "at any time" if the Court determines the complaint fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that … the action … fails to state a claim on which relief may be granted[.]") (emphasis added); *Fortson v. Georgia*, 601 F. App'x 772 (11th Cir. 2015) (affirming district court's *sua sponte* dismissal of plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) after defendant filed a motion to dismiss).

## III. Discussion

### A. *Heck v. Humphrey*

In *Heck v. Humphrey*, the Supreme Court held:

---

[2] Defendants Cail and Guzman previously moved to dismiss the fourth amended complaint based on *Younger*. ECF Doc. 37. The Court agreed *Younger* applied because Plaintiff's criminal proceedings were pending but concluded the case should be stayed rather than dismissed. ECF Doc. 93. Defendants Landsman and Rodgers were served, ECF Docs. 32 & 33, but never filed a response to the fourth amended complaint.

Case No. 1:22cv2-AW-HTC

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994). Thus, a plaintiff may not obtain damages under § 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

Here, Plaintiff alleges claims for malicious prosecution and denial of his right to a speedy trial. To establish a malicious prosecution claim, a plaintiff must allege, among other elements, "the termination of the original proceeding constituted a bona fide termination of that proceeding in [his] favor." *Leonard v. FBI*, 405 F. App'x 386, 388 (11th Cir. 2010) (citation omitted). Plaintiff cannot pursue a malicious prosecution claim against the Defendants because his criminal proceedings did not terminate in his favor—he pleaded nolo contendere to attempted lewd and lascivious conduct, which qualifies as a conviction under Florida law.[3] Because a judgment in Plaintiff's favor on his malicious prosecution claim is dependent on a finding that the prosecution terminated in his favor, the claim is barred under *Heck*. *See Koger*

---

[3] Under Florida law, a "conviction' includes a "nolo contendere plea by a defendant, regardless of adjudication of guilt." Fla. Stat. § 960.291(3); *see also* Fla. Stat. 921.0021(2) ("'Conviction' means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld.").

Case No. 1:22cv2-AW-HTC

*v. Florida*, 130 F. App'x 327, 333 (11th Cir. 2005) (concluding plaintiff's malicious prosecution claim was barred under *Heck* ); *see also Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019) (holding plaintiff who pleaded nolo contendere with adjudication withheld could not pursue malicious prosecution or false arrest claims under *Heck*).

Likewise, because dismissal of criminal charges is mandatory if a defendant's constitutional right to a speedy trial has been violated, Plaintiff cannot pursue a speedy-trial claim, as it would necessarily imply the invalidity of his conviction. *See Koger*, 130 F. App'x at 333 ("A judgment in Koger's favor in his speedy-trial claim would 'necessarily imply the invalidity of his conviction.'") (citing *Heck*, 512 U.S. at 486-87).

Finally, Plaintiff's due process claim appears to be based on his allegation that Defendants withheld *Brady*[4] evidence which would have shown he was innocent. However, such an allegation is inconsistent with Plaintiff's conviction and, thus, it is also barred under *Heck*.[5] *See Heck*, 512 U.S. at 479, 490 (finding § 1983 action alleging prosecutors and investigator knowingly destroyed exculpatory evidence was barred because it constituted challenge to legality of still outstanding

---

[4] *See Brady v. Maryland*, 373 U.S. 83 (1963).
[5] In addition, Plaintiff does not allege Defendants denied him the constitutionally-required procedures necessary to challenge his arrest and charges, and he has no substantive due process right to be free from malicious prosecution without probable cause. *See Rehberg v. Paulk*, 611 F.3d 828, 853 (11th Cir. 2010).

Case No. 1:22cv2-AW-HTC

conviction); *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015) (a § 1983 action based on *Brady* claims may not proceed around the *Heck* bar).

## B. Defendant Rodgers

Plaintiff's claims against Defendant Rodgers are also barred by prosecutorial immunity. "'A prosecutor is entitled to absolute immunity for all actions he takes while performing his functions as an advocate for the government' in the judicial phase of the criminal process." *Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 F. App'x 945, 950 (11th Cir. 2019) (quoting *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Prosecutors are "immune for malicious prosecution" and "have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (cleaned up). Because Plaintiff is suing Rodgers for malicious prosecution based on Rodgers' failure to conduct a thorough investigation before charging him, prosecutorial immunity provides an independent basis for dismissal of the claims against Rodgers.

### C. Defendant Landsman

Plaintiff cannot maintain a claim against Defendant Landsman because public defenders are not state actors for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Although "a public defender may be liable under § 1983 if he … conspires with someone who did deprive the plaintiff of one or more of his legally recognized rights under color of state law," *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015) (citation omitted), conclusory allegations of such a conspiracy are insufficient to state a claim, *see Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint.") (citation omitted). Here, while Plaintiff makes the conclusory assertion that Landsman "conspired with the prosecution," his complaint contains no factual allegations to support that assertion. Thus, the claims against Landsman are also subject to dismissal because he did not act under color of state law. *See Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (concluding plaintiff "failed to sufficiently allege a conspiracy" between public defender and state officials because "he alleged no facts supporting an inference of such a conspiracy other than the allegedly inadequate representation"); *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013) (plaintiff

alleging public defenders conspired with state officials to embarrass and harass him could not state a claim because he "provided nothing more than a 'general conclusory allegation of conspiracy'").

## IV. Conclusion

Plaintiff's complaint fails to state a viable claim under § 1983. In addition, because Plaintiff's criminal conviction has not been invalidated through a direct appeal or collateral attack, he could not amend the complaint to overcome *Heck*. Thus, giving Plaintiff an opportunity to amend the complaint would be futile, and this case should be dismissed without prejudice. *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Plaintiff's failure to state a claim on which relief may be granted.

2. That Plaintiff's motion to appoint counsel, ECF Doc. 103, be DENIED AS MOOT.

3. That the clerk close the file.

At Pensacola, Florida, this 19th day of September, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 1:22cv2-AW-HTC